OPINION OF THE COURT
Gerald Adler, J.
This is an action for a declaratory judgment which has its origin in an action for medical malpractice. In the action for medical malpractice, the plaintiff Dolores Magwood, individually and as administratrix of the estate of her deceased daughter, Leslie Jenkins, sues Jewish Hospital and Medical Center of Brooklyn, Doctor Elliot Senderoff, and Doctor Ambrish Mathur. A third physician named in the title of the action for malpractice was never served and is deceased.
In the action for declaratory judgment, the two remaining *253 defendant physicians seek a judgment resolving potential questions as to the ultimate liability for any judgment that plaintiff may recover.
In substance, the action for a declaratory judgment seeks (1) an adjudication that the defendant hospital is liable for any act of malpractice committed by either or both of the two remaining defendant physicians, and (2) an adjudication that the defendant hospital is required to indemnify each of the defendant doctors for any judgment plaintiff may recover against either or both defendant doctors.
The Appellate Division ordered that the issues in the action for a declaratory judgment be tried prior to the trial of the issues of liability in the action for medical malpractice. A detailed consideration of the issues raised in the action for a declaratory judgment follows.
The "answer with cross-complaints” of the defendant Ambrish Mathur contains three causes of action in that part of the pleading described "as and for a first cross complaint for declaratory judgment * * * to obtain a judgment declaring the legal rights, relationships and responsibilities as and between defendant Ambrish Mathur * * * defendant Jewish Hospital & Medical Center of Brooklyn * * * and defendant, pursuant to CPLR 3019, Argonaut Insurance Company”.
In the first of the three causes of action for a declaratory judgment it is stated "that a determination as to whether the defendant hospital is responsible for any alleged acts of malpractice of defendant Mathur arising out of the care and treatment of the deceased plaintiff, Leslie Jenkins, is required.”
On this first cause of action the court finds that the defendant hospital is responsible for any alleged acts of malpractice of the defendant Mathur arising out of the care and treatment of the deceased plaintiff, Leslie Jenkins. The relationship that existed between the defendant hospital and Dr. Mathur does not fall neatly into the category of employer and employee, or principal and agent, or master and servant. Suffice it to say that the relationship that existed between Dr. Mathur and the defendant hospital was such as to bring the hospital squarely within the following excerpt from Mduba v Benedictine Hosp. (52 AD2d 450, 454), "It is, therefore, our conclusion that the defendant hospital, having held itself out to the public as an institution furnishing doctors, staff and facilities for emergency treatment, was under a duty to per *254 form those services and is liable for the negligent performance of those services by the doctors and staff it hired and furnished to decedent. Certainly, the person who avails himself of hospital facilities has a right to expect satisfactory treatment from any personnel who are furnished by the hospital.” The court is aware that Leslie Jenkins did not enter the defendant hospital for emergency treatment, as did plaintiff’s intestate in Mduba. The circumstance that a need for emergency treatment was the cause of plaintiff’s intestate in Mduba being admitted to the hospital is of no significance. The critical point made by the court in Mduba is that a hospital is liable for the malpractice of a physician who "was an employee of the defendant hospital and not an independent contractor” (52 AD2d 450, 453). There is nothing new in such a holding. See Florentino v Wenger (19 NY2d 407, 414), "[w]here a professional person provided (employed) by the hospital commits an act of malpractice the hosptial may be liable derivatively under the doctrine of respondeat superior (Bing v. Thunig, 2 N Y 2d 656, 666).” To the same effect is Calvaruso v Our Lady of Peace R. C. Church (36 AD2d 755, 756).
Parenthetically, the court observes that this determination that the defendant hospital is responsible for any alleged acts of malpractice of the defendant Mathur arising out of the care and treatment of Leslie Jenkins does not absolve the defendant doctor from any liability to the plaintiff. This determination simply adjudges that plaintiff has recourse to the defendant hospital as well as the defendant doctor.
The second cause of action stated in the "answer with cross-complaint,” i.e., the "separate cause of action for declaratory judgment against the additional defendant Argonaut,” was discontinued.
Finally, there is the "cross-complaint against co-defendant Jewish Hospital & Medical Center of Brooklyn.” That cross complaint alleges that "if it is found that [Ambrish Mathur] is liable to the plaintiff(s) herein * * * then * * * defendant Ambrish Mathur, on the basis of apportionment of responsibility for the alleged occurrence is entitled to indemnification from and judgment over and against the afore-mentioned co-defendant Jewish Hospital & Medical Center of Brooklyn, for all or part of any verdict or judgment that plaintiff(s) may recover against said answering defendant.”
There is some ambiguity in the wording of this cross complaint in the respect that it alleges that the defendant doctor *255 "is entitled to indemnification” from the defendant hospital "for all or part of’ any verdict or judgment that the plaintiff may recover against the doctor. The ambiguity resides in the assertion that the doctor is entitled to indemnification for a part of any such verdict or judgment. Such an allegation is a claim for contribution, not indemnity. See New York Law Journal (April 14, 1978, p 1, col 1), where Professor McLaughlin in his column "New York Trial Practice” states, "Indemnity is traditionally defined as the obligation that one person (the indemnitor) owes to another (the indemnitee) to satisfy in full a judgment against the latter. Contribution is a species of indemnity in the sense that one person looks to another to share a common liability. Contribution, therefore, is partial indemnity” (emphasis in the original). See, as well, the excerpt from Professor Prosser’s Law of Torts, set out at page 565 of the court’s opinion in Rogers v Dorchester Assoc. (32 NY2d 553).
This court holds that only that aspect of the cross complaint which seeks indemnification is before it in this action for a declaratory judgment. Obviously, this court cannot resolve any question of contribution. Only the trier of facts in the malpratice action itself can appraise the evidence adduced as to malpractice and then apportion the liability among the defendants found to be liable to the plaintiff. Thus this court perceives that the question it is to resolve with respect to the cross complaint is whether the defendant hospital is obliged to indemnify the defendant doctor in full for any judgment the plaintiff may obtain against the defendant doctor.
A right to be indemnified may arise (1) out of an express agreement of indemnification or (2) the law will imply such an agreement where the circumstances warrant it. "The right to indemnification may arise from contractual relations or from the status of the parties as a matter of law, or it may be imposed by statute.” (28 NY Jur, Indemnity, § 10, p 26.)
The general rule is that a right of implied indemnification will arise in favor of one who is compelled to pay for another’s wrong (28 NY Jur, Indemnity, § 11, p 27; Margolin v New York Life Ins. Co., 32 NY2d 149, 153).
In Warren’s Negligence (vol IB, § 2, pp 639-640, Implied Indemnity), it is stated, "The general rule is that where a person without fault has been held legally liable for damages caused by the fault of another, or where he has been com *256 pelled to pay money which in justice another ought to pay, he may be permitted to recover the sums paid from the person whose negligence caused the damage and who in justice ought to pay.” This "general rule” does not help Dr. Mathur. The decisions of the appellate courts make it clear that it is the hospital that is the beneficiary of this principle. See Macari v Parsons Hosp. (26 AD2d 584), where the Appellate Division, Second Department, stated, "If plaintiff recovers damages against the defendant hospital based on the negligence of the defendant physicians as its servants, the hospital would be entitled to indemnification (Bing v. Thunig, 2 N Y 2d 656; Opper v. Tripp Lake Estates, 274 App. Div. 422, affd. 300 N. Y. 572; Hollant v. North Shore Hosp., 24 Misc 2d 892, affd. 17 A D 2d 974).”
In Kelly v Diesel Constr. Div. of Carl A. Morse, Inc. (35 NY2d 1, 5-6), the court referred to Dole v Dow Chem. Co. (30 NY2d 143) and stated, 'Dole recast the analysis and terminology categorizing active and passive tort-feasors and primary and secondary liability. It did not alter or detract from the right of one held only vicariously liable to obtain full indemnification from the party wholly responsible for the accident (see Rogers v. Dorchester Assoc., 32 N Y 2d 553, 564-566).”
The court holds that the defendant Ambrish Mathur is not entitled to indemnification from the codefendant Jewish Hospital and Medical Center of Brooklyn under principles of implied indemnity for any judgment that plaintiff may recover against Ambrish Mathur.
There remains the question of whether there is an express agreement requiring the hospital to indemnify Dr. Mathur for his negligence.
The court has considered the testimony adduced at the trial of this action for a declaratory judgment and has concluded that there was no express agreement between the hospital and Dr. Mathur requiring the hospital to indemnify Dr. Mathur.
In reaching this conclusion, the court was mindful of the opinion of the Court of Appeals in Levine v Shell Oil Co. (28 NY2d 205). In that case, the court quoted (p 211) an excerpt from its opinion in Thompson-Starrett Co. v Otis Elevator Co. (271 NY 36, 41) as follows: "Thus we have said that 'contracts will not be construed to indemnify a person against his own [active] negligence unless such intention is expressed in unequivocal terms’ ”. Later on in its opinion (p 212), the court stated that the Thompson-Starrett rationale is "no longer a viable statement of the law.” The court then held that it is *257 the plain meaning of the words used by the parties (rather than "unequivocal terms”) that establishes their intent as to whether a contract of indemnity is intended to indemnify a party for his own negligence. Even applying this relaxed standard (relaxed compared with the standard stated in Thompson-Starrett), it cannot be said that the defendant hospital in the instant case agreed to indemnify Dr. Mathur for the consequences of his own negligence. Specifically, the court finds that the statements that the defendant doctors testified were made by Mr. Laitman do not constitute an agreement by the hospital to indemnify Dr. Mathur or Dr. Senderoff.
Accordingly, on the third cause of action, contained in Dr. Mathur’s cross complaint against the defendent Jewish Hospital and Medical Center of Brooklyn, the court finds that Dr. Mathur is not entitled to judgment over against Jewish Hospital and Medical Center of Brooklyn on any theory of indemnity, express or implied.
The allegations contained in the cross complaint of Dr. Elliot Senderoff for a declaratory judgment exactly parallel the allegations contained in the cross complaint of Dr. Ambrish Mathur, except for a difference in the numbering of the allegations. One reason that the allegations in the two cross complaints parallel each other is that the two physicians are represented by the same attorney. Since the allegations in the cross complaints are almost identical, everything this court has held with respect to the cross complaint of Dr. Mathur applies to the cross complaint of Dr. Senderoff.
Accordingly, with respect to Dr. Senderoffs first cause of action, the court finds that the defendant hospital is responsible for any alleged acts of malpractice of the defendant Senderoff arising out of the care and treatment of the deceased plaintiff, Leslie Jenkins.
The second cause of action, i.e., the "separate cause of action for a declaratory judgment against, the additional defendant argonaut,” was discontinued..
On the third cause of action, contained in paragraph 57 of Dr. Senderoffs cross complaint against the defendant Jewish Hospital and Medical Center of Brooklyn, the court finds that Dr. Senderoff is not entitled to judgment over against Jewish Hospital and Medical Center of Brooklyn on any theory of indemnity, express or implied.