GRACE SZTORC, Plaintiff-Appellant, v. NORTHWEST HOSPITAL, Defendant-Appellee (M. Khodadad *et al.*, Defendants).

First District (1st Division)   No. 85—0262

Opinion filed August 4, 1986.—Rehearing denied September 8, 1986.

Mary Jo Connelly and Georgene M. Wilson, both of Sweeney & Riman, Ltd., of Chicago, for appellant.

Joseph A. Cammarra and Dennis A. Ferraro, both of Cassiday, Schade & Gloor, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Grace Sztorc, appeals from the trial court's order granting summary judgment for defendant Northwest Hospital, based on its finding as a matter of law that defendant was not liable under a theory of apparent agency for treatment rendered to plaintiff by an independent group of radiologists practicing on defendant's premises. We reverse.

In September 1975, plaintiff underwent a right radical mastectomy at defendant hospital, which was performed by Dr. Khodadad, a surgeon. Plaintiff was also under the care of her longtime family physician, Dr. Schroeder. After plaintiff's discharge, Dr. Schroeder prescribed outpatient radiation therapy and told plaintiff to go to defendant hospital for such treatments. Between October 14, 1975, and November 21, 1975, plaintiff received radiation therapy during approximately 31 daily sessions at the X-ray department located in defendant hospital.

Between 1975 and 1978, subsequent to the radiation treatments, plaintiff noticed a gradual loss of function in her right arm. She remained under the treatment of Drs. Schroeder and Khodadad, who assured her that her condition would improve.

In July and August of 1979, plaintiff underwent surgery on her right brachial plexus at the Oschner Clinic in New Orleans. The performing surgeon, Dr. Klein, told plaintiff that it would take at least a year to tell whether the desired nerve regeneration would occur and recommended a course of physical therapy for plaintiff, which she continued at defendant hospital upon her return home. During this period, plaintiff remained under the care of Dr. Schroeder. In 1981, plaintiff returned to New Orleans and was first informed by Dr. Klein that her right brachial plexus had been permanently damaged as a result of overexposure to radiation in 1975.

Plaintiff filed suit against defendant hospital and Drs. Schroeder and Khodadad in August 1982. Defendant moved for summary judgment claiming that the staff of the hospital's X-ray department were neither its actual nor its apparent agents. The trial court granted defendant's motion on December 19, 1984.

On appeal, plaintiff claims that the trial court erred in granting

summary judgment because there was a genuine issue of material fact concerning apparent agency.

The following facts with respect to the X-ray department are undisputed.

The department was comprised of a group of associated physicians operating under the name of "IG Radiology" and was owned, operated and staffed by Dr. Irving Greenberg. One of the physicians in the group, Dr. Bluhm, was in charge of administering radiation therapy to plaintiff. Each of the aforementioned physicians had staff privileges at defendant hospital; however, none of them were actually employed by defendant. All of the radiation-therapy equipment, including that used in treating plaintiff, was owned by Dr. Greenberg, who was solely responsible for its maintenance, repair and calibration. Defendant hospital did not receive any revenues for radiation treatment provided by Dr. Greenberg's group to plaintiff or to any other patient in 1975. In that year, Dr. Greenberg collected his receipts for payment for outpatient radiation services directly from his patients. A technician employed by Dr. Greenberg advised patients of the fee and issued receipts bearing Dr. Greenberg's name.

The record also reveals that the X-ray department was located on the main floor of defendant hospital. In order to reach it, plaintiff and other outpatients had to enter through the hospital's main entrance, proceed through its lobby, turn right down a main corridor and pass through a set of swinging doors labeled "X-ray Department." These doors also bore the names of Dr. Greenberg and his associates, and the designation "Department of Radiation Therapy." The same X-ray department served both inpatients and outpatients, and appointments for radiation therapy for both types of patients were ultimately scheduled by the same technician, who was employed by Dr. Greenberg. Finally, there was no dress code or other manner by which patients or the general public could differentiate employees of Dr. Greenberg's group from other employees of the hospital.

■■ ■ It is elementary that summary judgment is a drastic method of disposing of litigation and should not be granted where there exists a triable issue of fact. Such a triable issue, which would preclude summary judgment, exists where there is a dispute as to material facts or where, the material facts being undisputed, reasonable persons might draw different inferences from the facts. (*Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 714, 399 N.E.2d 198, *appeal denied* (1980), 79 Ill. 2d 631.) Our courts have consistently found the question of agency to constitute such an issue of fact. *Barkhausen v. Naugher* (1947), 395 Ill. 562, 70 N.E.2d 565; *Sherman*

*v. Field Clinic* (1979), 74 Ill. App. 3d 21, 392 N.E.2d 154. See also *Stanhope v. Los Angeles College of Chiropractic* (1942), 54 Cal. App. 2d 141, 128 P.2d 705.

■ It is also well settled that even absent an actual agency relationship, hospitals may be held liable for the acts of independent physicians practicing on the premises. (*Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204.) Courts in several jurisdictions have adopted an "apparent agency" doctrine to preclude the entry of summary judgment under circumstances where a person, like plaintiff here, goes to a hospital which holds itself out as a full-service institution offering a range and variety of services such as radiation treatment under the assumption that such services are in fact being provided by the hospital. These holdings have been based upon the presumption that when a person goes to a full-service hospital for care and treatment, he or she does so in reliance on the reputation of the institution and the skill and expertise of its personnel. (See, *i.e., Stanhope v. Los Angeles College of Chiropractic* (1942), 54 Cal. App. 2d 141, 128 P.2d 705; *Smith v. St. Francis Hospital* (Okla. App. 1983), 676 P.2d 279; *Hannola v. City of Lakewood* (1980), 68 Ohio App. 61, 426 N.E.2d 1187; *Themins v. Emanuel Lutheran Charity Board* (1981), 55 Or. App. 901, 637 P.2d 155; *Adamski v. Tacoma General Hospital* (1978), 20 Wash. App. 98, 579 P.2d 970. See also *Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 410 N.E.2d 969 (the mere fact that treatment is rendered on defendant's premises creates a presumption of agency for purposes of determining sufficiency of a complaint).) The underlying rationale behind these holdings is that patients, who are generally unaware of the independent status of the treating physicians, should not be bound by the "secret limitations" which are contained in a private contract between a hospital and a doctor. *Mduba v. Benedictine Hospital* (1976), 52 A.D.2d 450, 384 N.Y.S.2d 527.

■ Defendant claimed below, however, and again argues on appeal, that plaintiff's failure to show good-faith reliance on the expertise of defendant hospital, or any holding out or inducement by the hospital to accept treatment there, defeats her cause of action. In support of its position, defendant relies on testimony taken during its discovery deposition of plaintiff, where plaintiff was unable to respond as to whether she has been aware, at the time of her treatments in 1975, that Drs. Greenberg and Bluhm were not, in fact, employed by defendant hospital. The following colloquy then took place:

"Q. Inasmuch as Dr. Schroeder ha[d] recommended that you

go to the radiation therapy department for treatment, would it have made any difference to you, one way or the other, whether or not Dr. Greenberg and Dr. Bluhm were in private practice or whether they were employed by Northwest Hospital?

A. I don't know.

Q. You don't know whether it would have made any difference?

A. I don't know.

Q. So you don't know now, and you didn't know then, is that right?

A. I don't know."

We disagree with the trial court's assessment that there was no basis in the evidence before it for holding defendant liable under a theory of apparent agency. Rather, we find that the totality of facts in the instant case could lead a normal person, such as plaintiff, to reasonably believe that the radiology services being provided to her were in fact being provided by defendant hospital, and that a triable issue of fact with respect to apparent agency therefore exists which must preclude summary judgment. We are unpersuaded by defendant's claim that the clearly equivocal statement taken during plaintiff's discovery deposition is decisive of this issue, and we believe that a factual determination remains to be made as to whether plaintiff would have acted differently had she known of the contractual relationship between the hospital and the treating physicians in the radiology department.

Based on the foregoing, the judgment of the circuit court is reversed and the cause is remanded for further proceedings.

Judgment reversed; cause remanded.

CAMPBELL and BUCKLEY, JJ., concur.