ROSEMARIE MONTI *et al.*, Plaintiffs-Appellants, v. SILVER CROSS HOSPITAL *et al.*, Defendants-Appellees.

Third District   No. 3—93—0260

Opinion filed May 31, 1994.—Modified opinion filed July 11, 1994.

Munday & Nathan, of Chicago (Dave Clark, of counsel), for appellants.

McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, of Joliet (Gary S. Mueller and Theodore J. Jarz, of counsel), for appellee Silver Cross Hospital.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs Rosemarie Monti and Donald Monti appeal from summary judgment entered in the circuit court of Will County in favor of defendant Silver Cross Hospital in a medical malpractice action arising out of its allegedly negligent emergency treatment of Rosemarie. We hold that material issues of fact exist concerning the apparent agency relationship between the physicians and the hospital which preclude entry of summary judgment, and we reverse and remand.

## BACKGROUND

On August 28, 1989, Rosemarie Monti was thrown from the horse she was riding and suffered a head injury which rendered her unconscious. She was taken by ambulance to the emergency room of Silver Cross Hospital in Joliet, Illinois, where she was admitted at 10:52 a.m. She was examined by an emergency room physician and by a trauma surgeon who ordered various diagnostic tests, including a CT scan, and at 2:20 p.m. she was admitted to the intensive care unit. At 7 p.m. she was seen by a staff neurologist. After the neurologist obtained the results of a second CT scan, he determined that a problem was developing. At 9:25 p.m. he ordered her transferred to Loyola Medical Center for examination by a neurosurgeon, and she underwent surgery there.

Discovery depositions disclosed that Silver Cross had only one neurosurgeon on its staff. He had informed the hospital in writing

that, during the last part of August, all emergency room patients with closed head trauma should be transferred to Loyola Medical Center because he would be unavailable. Rosemarie was not transported to Loyola until approximately 12 hours after her admission to Silver Cross.

Two counts of plaintiffs' complaint alleged that permanent injury was caused by the failure of defendant Silver Cross Hospital to have personnel available who were competent to diagnose and treat closed head injuries. Additional counts allege negligent medical treatment by the various physicians who examined and treated Rosemarie at Silver Cross.

Silver Cross filed a motion for summary judgment asserting that, because the defendant doctors were independent contractors and not its agents or employees and the hospital did not control their actions or participate in their treatment decisions or diagnoses, it was not liable for any negligence of physicians treating patients in the hospital emergency room. *Greene v. Rogers* (1986), 147 Ill. App. 3d 1009, 498 N.E.2d 867.

Plaintiffs' response to the hospital's summary judgment motion included an affidavit from a certified emergency physician, Dr. John E. Turns. In his opinion, Silver Cross was negligent in holding itself out as a trauma center capable of handling patients with closed head injuries and representing that it had neurosurgical services available when, on the date of Rosemarie's injury, no neurosurgeon was available and no one else was qualified to provide appropriate diagnostic services. Dr. Turns also stated that Silver Cross was negligent in not transferring Rosemarie to Loyola Medical Center when it had known for two weeks that its staff neurosurgeon would be on vacation.

Silver Cross filed a reply accompanied by excerpts from several depositions asserting that decisions to seek a consultation or to transfer a patient are medical judgments to be made by emergency room physicians or the trauma surgeon, not hospital administration, and that any negligence on the part of the physicians cannot be imputed to the hospital. The trial court entered summary judgment in favor of Silver Cross with a notation that the reasoning of *Greene v. Rogers* was controlling.

## APPARENT AGENCY

In *Greene* and later in *Johnson v. Sumner* (1987), 160 Ill. App. 3d 173, 513 N.E.2d 149, this court held that a hospital is not liable for the acts of emergency room physicians who are independent contractors and who are not subject to direct control by the hospital, thus rejecting application of apparent or ostensible agency.

The first district has held that a hospital is vicariously liable for the negligence of a physician who is the apparent agent of the hospital. *Northern Trust Co. v. St. Francis Hospital* (1988), 168 Ill. App. 3d 270, 522 N.E.2d 699; *Sztorc v. Northwest Hospital* (1986), 146 Ill. App. 3d 275, 496 N.E.2d 1200.

This split between districts was resolved in *Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, 622 N.E.2d 788. In *Gilbert* plaintiff's decedent was treated for chest pains in the emergency room by the doctor "on call." When tests showed no heart problems, the patient was sent home, where he expired a few hours later as the result of a myocardial infarction. The administrator of decedent's estate brought a malpractice action against both the treating physician and the hospital. The trial court granted the hospital's motion for summary judgment, and the Second District of the Appellate Court affirmed. (*Gilbert v. Frank* (1992), 233 Ill. App. 3d 372, 599 N.E.2d 143.) The supreme court reversed and remanded, holding:

> "[U]nder the doctrine of apparent authority, a hospital can be held vicariously liable for the negligent acts of a physician providing care at the hospital, regardless of whether the physician is an independent contractor, unless the patient knows, or should have known, that the physician is an independent contractor." (156 Ill. 2d at 524, 622 N.E.2d at 795.)

The court reviewed the elements of a cause of action based upon apparent agency in a hospital setting:

> " 'For a hospital to be liable under the doctrine of apparent authority, a plaintiff must show that: (1) the hospital, or its agent, acted in a manner that would lead a reasonable person to conclude that the individual who was alleged to be negligent was an employee or agent of the hospital; (2) where the acts of the agent create the appearance of authority, the plaintiff must also prove that the hospital had knowledge of and acquiesced in them; and (3) the plaintiff acted in reliance upon the conduct of the hospital or its agent, consistent with ordinary care and prudence.' *Pamperin [v. Trinity Memorial Hospital* (1988)], 144 Wis. 2d [188,] 207-08, 423 N.W.2d [848,] 855-56." 156 Ill. 2d at 525, 622 N.E.2d at 795.

■ Plaintiffs contend that the rule in *Gilbert* controls this case. We agree. A hospital can be vicariously liable for the negligence of an emergency room physician under the doctrine of apparent authority, and therefore, summary judgment should not have been entered in favor of the hospital.

■ Defendant also argues that *Gilbert* should govern only those cases filed after *Gilbert* was decided, not retroactively. However, as a general rule, supreme court decisions apply retroactively to cases

pending at the time the decision was announced. If the court intends a decision to apply prospectively, it will say so in the opinion. *Lannom v. Kosco* (1994), 158 Ill. 2d 535.

Although *Gilbert* represents new law in the Second and Third Districts of the Appellate Court, several cases from the First District have previously recognized a hospital's vicarious liability pursuant to the doctrine of apparent authority. (See *Raglin v. HMO Illinois, Inc.* (1992), 230 Ill. App. 3d 642, 595 N.E.2d 153; *Northern Trust v. St. Francis Hospital* (1988), 168 Ill. App. 3d 270, 522 N.E.2d 699; *Sztorc v. Northwest Hospital* (1986), 146 Ill. App. 3d 275, 496 N.E.2d 1200; *Gasbarra v. St. James Hospital* (1980), 85 Ill. App. 3d 32, 406 N.E.2d 544.) Since *Gilbert* originated in the second district, the effect of that decision was to apply the doctrine of apparent authority to that district. Thus, retroactive application of *Gilbert* to the case before us merely brings the third district into immediate conformity with the rest of the State of Illinois. See Getz, *The Doctrine of Apparent Authority in Illinois Medical Malpractice Cases: An Argument for Its Application*, 18 S. Ill. U. L.J. 195, 204-09 (1993).

In *Grutzius v. Franciscan Sisters Health Care* (1993), 251 Ill. App. 3d 897, 623 N.E.2d 853, decided less than a month after *Gilbert*, this court reversed a summary judgment in favor of a hospital and remanded for trial where the plaintiff sought to recover from the hospital for the alleged negligence of an emergency room physician who was an independent contractor, not an employee. We conclude that our previous ruling in *Grutzius* applying *Gilbert* retroactively was correct and controls here.

Defendant also argues that under the doctrine of apparent agency as defined in *Gilbert*, vicarious liability cannot be imposed here, where the patient was unconscious and did not select the hospital or otherwise rely upon the hospital to supply treating physicians. She was simply taken to the nearest hospital by emergency medical personnel.

In *Gilbert*, the court stated that the plaintiff's reliance upon the conduct of the hospital or its agent is an element of the cause of action, but added, significantly, "The element of justifiable reliance on the part of the plaintiff is satisfied if the plaintiff relies upon the hospital to provide complete emergency room care, rather than upon a specific physician." *Gilbert*, 156 Ill. 2d at 525, 622 N.E.2d at 756-66.

Although Rosemarie was unconscious, those persons responsible for her obviously relied upon Silver Cross to provide complete emergency room care for her. Assuming, as defendant does, the emergency personnel who responded to a call for assistance selected Silver Cross because it was the nearest hospital, the implication is clear

that they relied upon the hospital's ability to provide the services she would require. Furthermore, Rosemarie's husband was present during much of the day. As the person responsible for her continuing care, he would have relied upon the hospital to provide the diagnostic and treatment services she required.

■ Those responsible for Rosemary sought care from the hospital, not from a personal physician, and thus, a jury could find that they relied upon the fact that complete emergency room care, including diagnostic testing and support services, would be provided through the hospital staff. The same is true for all seriously ill or badly injured patients, whether conscious or not, who come to a hospital emergency room for emergency medical care. Neither logic nor equity would be served by drawing a distinction between conscious and unconscious patients, allowing the former to recover on a theory of vicarious liability but not the latter.

Construing the pleadings, depositions and affidavits in a light most favorable to plaintiffs and accepting as true all reasonable inferences favoring them (*Smith v. American Motors Sales Corp.* (1991), 215 Ill. App. 3d 951, 954, 576 N.E.2d 146, 149), we conclude that a material issue of fact exists as to whether the doctors who treated Rosemarie were apparent agents of the hospital. The pleadings and accompanying documents show that the doctors who treated Rosemarie had the appearance of authority to act as agents of the hospital and show plaintiffs' implied reliance on the hospital. Therefore, as to the issue of apparent agency, we reverse the summary judgment entered in favor of the hospital.

## CORPORATE NEGLIGENCE

Plaintiffs also contend that the trial court erred in failing to recognize their allegations of the hospital's independent negligence. Dr. Turns' affidavit averred that Silver Cross was negligent in holding itself out as a trauma center capable of caring for patients with closed head injuries when it did not have neurosurgical services available, and also in failing to transfer Rosemarie to Loyola Medical Center as recommended by its staff neurosurgeon because he notified the hospital of his intended absence. Defendant hospital argues that the decision to call in a neurosurgeon or to transfer a patient is a medical judgment to be made by the doctor, not the hospital. However, defendant does not directly respond to plaintiffs' claim that defendant was negligent in accepting a patient with a closed head injury when it knew that neurosurgical support services were not available and when it had been advised by its own neurosurgeon to direct such patients to Loyola.

A finding of direct negligence on the part of a hospital was upheld in *Decker v. St. Mary's Hospital* (1993), 249 Ill. App. 3d 802, 619 N.E.2d 537, where the evidence showed that the hospital did not properly schedule a requested neurological consultation and the patient died from an aneurysm which, if diagnosed in time, would have been operable.

■ We conclude that there were material issues of fact concerning the corporate negligence of defendant hospital and summary judgment on this issue was not proper.

## CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court of Will County and remand for further proceedings.

Reversed and remanded.

BARRY and STOUDER, JJ., concur.