■ MARY FINNIN, Respondent, v ST. BARNABAS HOSPITAL, Appellant. (And a Third-Party Action.) [761 NYS2d 213] —Order, Supreme Court, Bronx County (Richard Price, J.), entered May 17, 2002, which, in an action for pain and suffering and wrongful death, insofar as appealed from as limited by the briefs, denied defendant hospital's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

An issue of fact exists as to whether plaintiff's decedent reasonably believed that the physician who treated him at defendant hospital was provided by defendant or was otherwise acting on its behalf. If so, defendant can be held vicariously liable for the physician's malpractice even if defendant did not have any "control in fact" over him (*see Hill v St. Clare's Hosp.,* 67 NY2d 72, 79, 81 [1986]). This issue of "apparent or ostensible agency" (*id.* at 79) is raised by plaintiff's evidence that her decedent's two visits to defendant's emergency room were at the direction of his HIP HMO's emergency line, not his HMO's primary care physician, and that neither she nor he ever sought treatment from a particular physician while he was at the hospital (*see Shafran v St. Vincent's Hosp. & Med. Ctr.,* 264 AD2d 553, 558 [1999], citing *Mduba v Benedictine Hosp.,* 52 AD2d 450, 453 [1976]; *Noble v Porter,* 188 AD2d 1066, 1066-1067 [1992], also citing *Mduba*). Defendant's evidence that the treating physician was an HIP attending physician with privileges at its hospital does not suffice to show its entitlement to judgment as a matter of law. There is no evidence that plaintiff or her decedent were acquainted with the treating physician before the decedent's admission to defendant hospital, were ever advised of his purported affiliation with the decedent's primary care physician, or were told to notify him if problems persisted after the decedent's first discharge. The foregoing should not be understood as a finding that defendant exercised no control in fact over the treating physician (*cf. Mduba,* 52 AD2d at 452). Concur—Nardelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.