■ Egreta Anderson, as Administratrix of the Estate of Sophia Williams, Deceased, Respondent, v Montefiore Medical Center et al., Defendants, and Manash Dasgupta, M.D., et al., Appellants. [837 NYS2d 98]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about December 15, 2005, which denied the motion of defendants Dasgupta and Guccione to dismiss plaintiff's complaint as time-barred and granted plaintiff's cross motion to consolidate two actions, unanimously reversed, on the law, without costs, defendants' motion granted and the cross motion denied as moot. The Clerk is directed to enter judgment in favor of Dasgupta and Guccione dismissing the complaint as against them.

In early 1999, the decedent, Sophia Williams, was diagnosed with renal failure. She was placed on dialysis by health professionals at defendant Montefiore Medical Center (Montefiore) and also received dialysis at defendant New York Renal Associates, Inc. (NYRA). Defendant Sam Natarajan, M.D. owned and operated NYRA.

Thereafter, in November 1999, Williams underwent a kidney transplant procedure at Montefiore. The transplant was not successful and Williams was hospitalized at Montefiore on multiple occasions for complications relating to the transplant, often on an emergency basis. Several of the hospital's summary sheets noted that she was admitted by defendant Guccione, who was an attending physician. By February 2001, the transplanted kidney had failed and Williams recommenced dialysis at Montefiore. The dialysis continued until May 2001, at which point she received dialysis treatment at NYRA until her death on March 22, 2002.

In September 2002, plaintiff, administratrix of Williams's estate, commenced an action against, inter alia, NYRA and Natarajan, and asserted claims for personal injury and wrongful death relating to the medical treatment that was administered to Williams (index No. 25319/02); issue was joined. It was al-

leged that defendants failed to treat Williams's hypertensive and cardiomyopathic condition causing her to suffer progressive heart congestion and heart disease, which ultimately led to her death.

Thereafter, in May 2003, plaintiff commenced a similar action against Montefiore and Drs. Daniel Levy and Rajiv Patni, physicians who treated Williams at Montefiore (index No. 17737/03). Issue was joined as to Montefiore and Levy, but Patni never appeared and is in default. On September 26, 2003, the actions were consolidated under index No. 17737/03.

On December 29, 2004, plaintiff commenced the instant action against Guccione and Dasgupta under index No. 26843/04. Plaintiff again asserted claims for personal injury and wrongful death for the treatment they afforded Williams at both Montefiore and NYRA.

Dasgupta and Guccione then moved, in lieu of an answer, to dismiss the complaint as time-barred. They pointed out that Williams died on March 22, 2002 and thus, the medical malpractice action was untimely as of September 22, 2004 (CPLR 214-a). Also, the time to commence the wrongful death cause of action expired on March 22, 2004 (EPTL 5-4.1).

Plaintiff opposed and cross-moved to consolidate the action under index No. 17737/03 with the action against Guccione and Dasgupta under index No. 26843/04, and to relate back the recent action with the former. Plaintiff averred that Guccione and Dasgupta were among the doctors who treated Williams at Montefiore and NYRA. Plaintiff pointed out that Williams did not seek treatment from an individual physician, but that at all times she was a "service patient" or a "clinic patient." Plaintiff maintained that consolidation was warranted because the evidence adduced in both actions would be essentially the same.

In addition, with respect to the relation-back doctrine, plaintiff contended, and the motion court agreed, that Guccione and Dasgupta were "united in interest" with Montefiore. Although they may have been attending physicians, they performed "inherent functions of the hospital" and Montefiore and NYRA could be held vicariously liable for the actions of the individual doctors. Moreover, plaintiff averred that regardless of whether the doctors were independent contractors, when Williams sought treatment at Montefiore and NYRA, she reasonably believed that the physicians were acting at the behest of the subject facility.

Plaintiff also argued that the failure to name Guccione and Dasgupta in the prior action was due to a mistake because she had presumed the physicians were under the control of the

hospital. In the same vein, plaintiff asserted that Guccione and Dasgupta should have known that, but for her mistake, they would have been named in the lawsuit. Finally, plaintiff contended that Guccione and Dasgupta should be estopped from asserting the statute of limitations defense in light of the dilatory tactics engaged in by the *other* defendants during the discovery process, which prevented her from learning all of the information necessary to successfully prosecute the case.

In *Mondello v New York Blood Center—Greater N.Y. Blood Program* (80 NY2d 219 [1992]), the Court of Appeals adopted the three-prong test of *Brock v Bua* (83 AD2d 61 [1981]) for applying the relation-back doctrine to toll the statute of limitations. The doctrine has been subsequently summarized as follows: "[o]nce a defendant has shown that the statute of limitations has run, the plaintiff bears the burden of demonstrating the applicability of the relation-back doctrine (*Spaulding v Mt. Vernon Hosp.*, 283 AD2d 634 [2001]). There are three conditions that must be satisfied for a claim asserted against a defendant subsequently sought to be joined to relate back to claims asserted against another defendant: (1) both claims must arise out of the same conduct, occurrence or transaction; (2) the new party must be 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the lawsuit that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (*Cintron v Lynn*, 306 AD2d 118, 119-120 [2003]).

We have consistently applied these conditions. Plaintiff must satisfy all three prongs of the test to toll the statute of limitations. Even if we assume that the first prong of the test is satisfied in the instant case, plaintiff cannot demonstrate that defendants Dasgupta and Guccione were "united in interest" with Montefiore. The record establishes that defendants Dasgupta and Guccione were not employees of Montefiore at the time of the alleged malpractice. However, "even if the doctors were not employees of the hospital, [Montefiore] may be vicariously liable for the acts of independent physicians where a patient enters the hospital through the emergency room and seeks treatment from the hospital, not from a particular physician" (*Shafran v St. Vincent's Hosp. & Med. Ctr.*, 264 AD2d 553, 558 [1999]; *see Finnin v St. Barnabas Hosp.*, 306 AD2d 189 [2003]; *Schiavone v Victory Mem. Hosp.*, 292 AD2d 365 [2002]).

This limited exception to the general rule that hospitals are

not vicariously liable for the negligence of nonemployee physicians (*Hill v St. Clare's Hosp.*, 67 NY2d 72 [1986]), does not operate in the converse. The defendant physicians cannot be held vicariously liable for the negligence of Montefiore. Furthermore, when Montefiore's negligence is premised on the emergency room vicarious liability of *Shafran* (*supra*), and its progeny, that liability cannot be transferred backwards to the physicians to establish the united in interest prong of *Mondello*. *Mduba v Benedictine Hosp.* (52 AD2d 450 [1976]) does not require a different conclusion. Concur—Saxe, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.