A a v St. Barnabas Hosp. (2019 NY Slip Op 07695)





A a v St. Barnabas Hosp.


2019 NY Slip Op 07695


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10187 350314/09

[*1] A—A&mdash, an Infant by His Mother and Natural Guardian, et al., Plaintiffs-Respondents,
v
St. Barnabas Hospital, Defendant-Appellant, Network OB/GYN, P.C., et al., Defendants.


Gabarini & Scher, P.C., New York (Thomas M. Cooper of counsel), for appellant.
Meagher & Meagher, P.C., White Plains (Merryl F. Weiner of counsel), for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 16, 2018, which, insofar as appealed from as limited by the briefs, denied defendant St. Barnabas Hospital's motion for summary judgment dismissing all claims against it except those premised upon vicarious liability pursuant to Mduba v Benedictine Hosp. (52 AD2d 450 [3d Dept 1976]), unanimously modified, on the law, to grant the motion as to the lack of informed consent claim and as to any claims based on vicarious liability for the conduct of defendants David Green, M.D. or Mumtaz M. Master, M.D., and otherwise affirmed, without costs.
Plaintiffs assert claims for medical malpractice, loss of services, and lack of informed consent in connection with the premature birth of the infant plaintiff at defendant St. Barnabas Hospital. Plaintiffs allege that St. Barnabas departed from the standard of care by negligently performing a transvaginal ultrasound (TVU) on October 22, 2007, notwithstanding the prior diagnosis of placenta previa, and by failing to obtain informed consent to this procedure. Plaintiffs further allege that, as a result of these departures, plaintiff mother suffered a placental hemorrhage, which in turn caused the infant to suffer brain damage and developmental delays.
On appeal, St. Barnabas does not dispute that it may be subject to liability for negligent acts by employees of defendant Network OB/GYN, P.C. (Network) - the entity that ran the obstetrical and gynecological practice at the hospital pursuant to a contract with St. Barnabas - pursuant to Mduba v Benedictine Hosp. (52 AD2d 450, 452-454 [3d Dept 1976]).
St. Barnabas established prima facie that there was no departure from good and accepted medical practice by submitting its expert opinion that the vaginal probe could not have caused plaintiff mother to hemorrhage because the TVU films demonstrated that the probe did not disturb the cervix. In opposition, plaintiffs raised an issue of fact by submitting their expert opinion that there was a "very real likelihood that the placenta [could] be disrupted by putting the vaginal probe inside the vagina" and that that was in fact what happened here. This opinion was sufficient to preclude summary judgment. Contrary to St. Barnabas's contention, the TVU films do not constitute dispositive proof. The films consist of still photos taken at discrete points in time during the procedure, and the possibility cannot be ruled out that the probe was inserted into the cervix at a time not pictured or that the injury was created by the probe after the last photo was taken. For this reason, DiGeronimo v Fuchs (101 AD3d 933, 936 [2d Dept 2012]), on which St. Barnabas relies, is distinguishable.
Plaintiffs' lack of informed consent claim must be dismissed, because it was not St. Barnabas's responsibility to obtain the consent. Contrary to St. Barnabas's contention, the record does not conclusively demonstrate that defendant Ndubueze Okereke, M.D. ordered the TVU. Dr. Okereke denied doing so, and none of the other deposed witnesses knew with certainty who [*2]had ordered it. Although the requisition form indicates that Dr. Okereke made the order, this document is not properly considered, because it was not discovered and submitted until reply (see Small v City of New York, 160 AD3d 471, 473 [1st Dept 2018]). In any event, the record demonstrates that the TVU was ordered by a Network employee, even if an employee of St. Barnabas performed the procedure. St. Barnabas's expert opined that the responsibility for obtaining consent "rests entirely with the attending physician who ordered [the test], not with the technician who carries out the . . . order," and this opinion is unrebutted (see also Salandy v Bryk, 55 AD3d 147, 152 [2d Dept 2008] ["where a private physician attends his or her patient at the facilities of a hospital, it is the duty of the physician, not the hospital, to obtain the patient's informed consent"]).
St. Barnabas is entitled to the dismissal of the claims based on vicarious liability for alleged negligence by doctors against whom this action has already been dismissed - i.e., David Green, M.D. and Mumtaz M. Master, M.D. (see Kukic v Grand, 84 AD3d 609, 610 [1st Dept 2011]).
St. Barnabas is not entitled to summary judgment dismissing claims based on vicarious liability for the conduct of its employees, because plaintiffs raised an issue of fact whether any St. Barnabas employees committed independent acts of negligence (see Suits v Wyckoff Hgts. Med. Ctr., 84 AD3d 487, 488 [1st Dept 2011], appeal withdrawn 17 NY3d 804 [2011]). Although its employees were not responsible for the determination to order a
TVU, St. Barnabas may be liable if its employee performed the TVU negligently or it failed to properly supervise the procedure.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK