JANICE GRUTZIUS *et al.*, Plaintiffs-Appellants, v. FRANCISCAN SIS-
TERS HEALTH CARE *et al.*, Defendants-Appellees.

Third District   No. 3—92—0711

Opinion filed November 5, 1993.—Rehearing denied December 13, 1993.

Todd A. Smith and Philip H. Corboy, both of Corboy & Demetrio, P.C.,
and Linda A. Bryceland, of David A. Novoselsky & Associates, both of Chi-
cago (David A. Novoselsky, of counsel), for appellants.

Robert G. Black, of Hinshaw & Culbertson, of Lisle, Peter G. Panno, of
Hinshaw & Culbertson, of Joliet, and Hinshaw & Culbertson, of Chicago
(Bruce L. Carmen, of counsel), for appellees.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Janice Grutzius, appeals from an order of the circuit court of Will County. The court granted the motion of the defendant, Franciscan Sisters Health Care Corporation, for partial summary judgment on count I of the plaintiff's second amended complaint.

The sole issue raised on appeal is whether the trial court properly granted the motion for partial summary judgment based on its finding that the doctrine of apparent agency cannot form the basis for a medical malpractice cause of action. As a result of our supreme court's recent decision in *Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, we reverse.

The plaintiff, as administrator of her husband's estate and individually, filed her second amended complaint against the defendant and Dr. Ramavtar Singh. The complaint sought damages for the wrongful death of her 43-year-old husband, Lawrence Grutzius (Grutzius).

In count I, the plaintiff alleged that, on January 24, 1988, Grutzius was admitted to the emergency room of St. Joseph Medical Center, a hospital owned and operated by the defendant. The plaintiff also alleged Grutzius was examined and treated in the emergency room by Dr. Singh, an agent and employee of the defendant. The plaintiff alleged that the defendant, through its agents and employees, failed to monitor the cardiac status of Grutzius. The plaintiff further alleged that this failure was the proximate cause of Grutzius' death on January 25, 1988. The allegations of count II of the complaint were directed against Dr. Singh. We note that Dr. Singh is not a party to this appeal.

The defendant filed an answer to count I of the second amended complaint. The answer denied that Dr. Singh was an agent and employee of the hospital. The defendant then filed a motion for partial summary judgment as to count I of the complaint. The motion argued there was no issue of material fact regarding whether Dr. Singh was an agent of the hospital. The defendant attached the affidavit of Tim Heinrich, the hospital's vice-president.

In his affidavit, Heinrich stated that Dr. Singh was a member of the hospital's medical staff, but was an independent contractor and not an employee of the hospital. Heinrich stated that DEMS, Inc., an Illinois medical service corporation, was solely responsible for the employment, retention and supervision of all emergency room physicians, including Dr. Singh. The hospital did not pay Dr. Singh a salary, did not provide him with any benefits and did not bill patients for any of

Dr. Singh's services. Heinrich further stated that all medical care, diagnoses and decisions involving emergency room patients were made by the physicians employed by DEMS, Inc.

The plaintiff filed a response to the defendant's motion for partial summary judgment. She argued that liability "may be imposed upon a hospital for the acts of an independent physician or other professional who appears to be an agent of the hospital, under the doctrine of apparent or ostensible agency." She contended that the defendant should therefore "be vicariously liable for the negligent acts of Dr. Singh, under the doctrine of apparent agency."

Following a hearing, the court granted the defendant's motion. The court found that "apparent agency is not available as a remedy in this district." The plaintiff then voluntarily dismissed the remaining portions of her complaint and filed a timely notice of appeal.

Here, the trial court based its decision upon *Johnson v. Sumner* (1987), 160 Ill. App. 3d 173, 513 N.E.2d 149, and *Greene v. Rogers* (1986), 147 Ill. App. 3d 1009, 498 N.E.2d 867. Both cases similarly involved medical malpractice actions arising out of treatment provided in a hospital emergency room. Also, in both *Johnson* and *Greene,* the emergency room physician providing the care was an independent contractor and not an actual agent or employee of the hospital. In both cases, we held that the trial court properly granted summary judgment for the defendant hospital. (*Johnson*, 160 Ill. App. 3d at 176-77, 513 N.E.2d at 152; *Greene*, 147 Ill. App. 3d at 1014-16, 498 N.E.2d at 870-72.) We expressly declined to extend the doctrine of apparent agency in a tort action for medical malpractice. *Johnson*, 160 Ill. App. 3d at 175, 513 N.E.2d at 151; *Greene*, 147 Ill. App. 3d at 1016, 498 N.E.2d at 871-72.

Our supreme court recently addressed the same issue in *Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511. In *Gilbert,* the supreme court specifically disagreed with our reasoning in *Johnson* and *Greene*. The supreme court stated that the decisions in *Johnson* and *Greene* overlooked the realities of modern hospital care. (*Gilbert*, 156 Ill. 2d at 520.) These realities include the business and marketing practices of modern hospitals, the fact that a major component of modern hospital business is the emergency room, and the reasonable expectations of the public in seeking medical help through the emergency room facilities of modern-day hospitals. (*Gilbert*, 156 Ill. 2d at 520-21.) The court then held:

> "[U]nder the doctrine of apparent authority, a hospital can be held vicariously liable for the negligent acts of a physician providing care at the hospital, regardless of whether the physician

is an independent contractor, unless the patient knows, or should have known, that the physician is an independent contractor." *Gilbert*, 156 Ill. 2d at 524.

■ The supreme court in *Gilbert* set out the elements which must be present for a hospital to be liable under the doctrine of apparent authority. The court determined a plaintiff must show that the hospital, or its agent, acted in a manner that would lead a reasonable person to conclude that the individual who was alleged to be negligent was an employee or agent of the hospital. (*Gilbert*, 156 Ill. 2d at 525.) Also, where the acts of the agent create the appearance of authority, a plaintiff must prove that the hospital had knowledge of and acquiesced in those actions. (*Gilbert*, 156 Ill. 2d at 525.) Finally, a plaintiff must show that he or she acted in reliance upon the conduct of the hospital or its agent, consistent with ordinary care and prudence. *Gilbert*, 156 Ill. 2d at 525.

Our supreme court noted that the "holding out" element "is satisfied if the hospital holds itself out as a provider of emergency room care without informing the patient that the care is provided by independent contractors." (*Gilbert*, 156 Ill. 2d at 525, citing *Pamperin v. Trinity Memorial Hospital* (1988), 144 Wis. 2d 188, 209-10, 423 N.W.2d 848, 856-57.) The court also noted that the element of justifiable reliance is satisfied where a plaintiff relies upon the hospital to provide complete emergency room care, rather than upon a specific physician. *Gilbert*, 156 Ill. 2d at 525.

In *Gilbert*, the court determined that a genuine issue of material fact existed regarding whether the emergency room physician was an apparent agent of the hospital. Consequently, the court reversed the trial court's entry of summary judgment in favor of the hospital. *Gilbert*, 156 Ill. 2d at 526.

■ Following *Gilbert*, we conclude that summary judgment was not proper in this case. Here, the trial court determined that summary judgment should be granted because the defendant could not be liable based upon apparent authority. That is no longer the law in Illinois. (*Gilbert*, 156 Ill. 2d at 527.) The record in the instant appeal does not include facts to show that the defendant informed Grutzius, the plaintiff's decedent, of Dr. Singh's independent contractor status. Also, no facts were presented to show that Grutzius relied solely upon Dr. Singh, and did not rely upon the hospital, in seeking emergency room care. As a result, we conclude that a genuine issue of material fact exists as to whether Dr. Singh was an apparent agent of the hospital. Consequently, the trial court's entry of summary judgment must be reversed and the cause remanded for further proceedings.

Finally, we note that the court in *Gilbert* decided an additional issue related to a settlement made with the physician in that case. The supreme court's resolution of the settlement issue in *Gilbert* was given prospective application only. (*Gilbert*, 156 Ill. 2d at 529.) Here, the record does not disclose any settlement involving Dr. Singh. Therefore, the additional issue decided in *Gilbert* does not apply in this case.

For the reasons indicated, the judgment of the circuit court of Will County is reversed and the cause remanded.

Reversed and remanded.

SLATER and BRESLIN, JJ., concur.