CHICAGO TITLE AND TRUST COMPANY, as Guardian of the Estate of Timothy Williams, a Minor, *et al.*, Plaintiffs-Appellants, v. SISTERS OF ST. MARY, d/b/a St. Francis Hospital of Blue Island, Defendants-Appellee (Anil B. Shah *et al.*, Defendants).

First District (3rd Division)   No. 1—93—1508

Opinion filed June 22, 1994.

Michael W. Rathsack, of Chicago (Michael W. Rathsack and Philip F. Maher, of counsel), for appellants.

Cassiday, Schade & Gloor, of Chicago (John D. Cassiday, Martha A. Pagliari, Timothy J. Ashe, and Sandra E. Kupelian, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) where we are called upon to consider the following question certified by the circuit court:

"Does a patient who receives medical treatment from a doctor in a hospital emergency room have a cause of action against that hospital based upon apparent or ostensible agency of the doctor under the facts alleged in Count II of the Fourth Amended Complaint? The allegations of that count are incorporated into this order."

We answer in the affirmative.

The underlying case arises from medical treatment rendered to minor plaintiff Timothy Williams by defendant Dr. Anil Shah at defendant St. Francis Hospital of Blue Island (defendant). On November 12, 1977, Timothy was brought to defendant's emergency room for diagnosis and treatment of illness. Plaintiffs' fourth amended complaint alleges that the emergency room physicians failed to diagnose spinal meningitis and this misdiagnosis subsequently caused brain damage to Timothy.

Count II of the complaint alleges that plaintiff Sam Williams, the father of Timothy, selected defendant hospital in place of another hospital (Little Company of Mary Hospital) where Timothy had been born because he believed that defendant was a better hospital and his minor son would receive good medical care from the doctors at defendant. Plaintiffs further allege that Sam Williams believed and assumed that the doctors at defendant were employees of defendant.

Count II also alleges Dr. Shah treated Timothy and, like the other doctors in the emergency room, wore a white jacket and no apparel to indicate that he was not employed by defendant. Dr. Shah

had staff privileges at defendant. The emergency room was an integral part of defendant's building and nothing in the physical plant would lead one to believe that the hospital and its emergency room were separate entities.

Defendant never informed Sam Williams or any other user of defendant's emergency room that the emergency room was being managed by anyone other than defendant's personnel, although pursuant to a written contract, it was managed and staffed by Medical Emergency Services Associates (MESA), an independent contractor not otherwise related to defendant. MESA and MESA doctors were not employees of defendant and, except as to the parameters of the contract, could not be directly controlled by and were not responsible to defendant.

Under the terms of the contract, MESA provided physicians, including Dr. Shah, who operated and managed defendant's emergency room. MESA, through its physicians, was obligated to render medical care to members of the general public who came to the emergency room. On the other side, defendant provided the MESA doctors with equipment, offices, laboratories, all technical and support matters associated with the operation of an emergency room and all necessary nursing and paramedical assistant services. In addition, defendant maintained the physical area of the emergency room and all of the equipment and supplies.

As a consequence of these actions and representations, according to plaintiffs' complaint, defendant led the general public and Sam Williams to believe that defendant managed and controlled its emergency room and employed the doctors working in the emergency room. To operate defendant's emergency room through an independent contractor represents defendant's attempt to avoid liability for the conduct of the doctors in the emergency room while at the same time leading the public to believe that the emergency room was actually a department of defendant. Plaintiffs further allege that as a result of the described actions and representations, MESA and Dr. Shah were the apparent or ostensible agents of defendant.

On April 16, 1993, defendant filed a section 2—615 motion for judgment on the pleadings (735 ILCS 5/2—615 (West 1992)) on count II of plaintiffs' fourth amended complaint. Defendant's motion maintained that count II was substantially insufficient as a matter of law because the theory of apparent or ostensible agency was not a recognized cause of action in a medical malpractice case in Illinois. The trial court granted defendant's motion to dismiss count II and also entered an order, on plaintiffs' motion, certifying the question now before this court.

After the trial court's orders were entered in the present case, the Illinois Supreme Court expressly recognized the theory of apparent agency in a medical malpractice action in *Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, 622 N.E.2d 788 (reversed summary judgment entered in favor of the defendant hospital where the plaintiff's decedent was treated in the defendant's emergency room by a doctor who was considered to be an independent contractor). The supreme court held that,

> "under the doctrine of apparent authority, a hospital can be held vicariously liable for the negligent acts of a physician providing care at the hospital, regardless of whether the physician is an independent contractor, unless the patient knows, or should have known, that the physician is an independent contractor."
> *Gilbert*, 156 Ill. 2d at 524.

The supreme court further found that the elements of the cause of action have been established as follows:

> " 'For a hospital to be liable under the doctrine of apparent authority, a plaintiff must show that: (1) the hospital, or its agent, acted in a manner that would lead a reasonable person to conclude that the individual who was alleged to be negligent was an employee or agent of the hospital; (2) where the acts of the agent create the appearance of authority, the plaintiff must also prove that the hospital had knowledge of and acquiesced in them; and (3) the plaintiff acted in *reliance* upon the conduct of the hospital or its agent, consistent with ordinary care and prudence.' "
> (Emphasis added.) *Gilbert*, 156 Ill. 2d at 524-25, quoting *Pamperin v. Trinity Memorial Hospital* (1988), 144 Wis. 2d 188, 207-08, 423 N.W.2d 848, 855-56.

On appeal in the present case, defendant acknowledges the *Gilbert* decision but argues that plaintiffs' count II is still legally deficient because it fails to allege detrimental reliance as the third essential element required for a cause of action based on the doctrine of apparent agency.

We believe that the supreme court in *Gilbert* clearly established that the rule in Illinois regarding the reliance element necessary to support an action under the apparent agency theory should be predicated on justifiable, not detrimental, reliance. In explaining the three factors for the apparent agency action involving the emergency room doctor and the hospital, the supreme court found that the "element of *justifiable* reliance on the part of the plaintiff is satisfied if the plaintiff relies upon the hospital to provide complete emergency room care, rather than upon a specific physician." (Emphasis added.) (*Gilbert*, 156 Ill. 2d at 525.) Moreover, in a case following *Gilbert*, the appellate court observed that the reliance factor, as noted in *Gilbert*,

is measured by justifiable reliance. *Grutzius v. Franciscan Sisters Health Care* (1993), 251 Ill. App. 3d 897, 900, 623 N.E.2d 853.

■ We find that plaintiffs' count II satisfies the justifiable reliance component so as to withstand defendant's section 2—615 motion to dismiss. In count II of their complaint, plaintiffs alleged that Sam Williams particularly selected defendant instead of another hospital because he believed that his minor son would receive good medical care from the doctors at defendant. When considering a motion to dismiss for failure to state a cause of action, all well-pleaded facts and all reasonable inferences which can be fairly drawn from the facts alleged must be considered as true. *E.g., Zeitz v. Village of Glenview* (1992), 227 Ill. App. 3d 891, 894, 592 N.E.2d 384.

■ In responding to a question certified by the trial court, we are limited to the parameters of the question so certified and therefore do not address the issue as to whether future cases will require a plaintiff to go through the mental process of consciously electing a particular hospital over another or whether a plaintiff who is brought to a hospital in a state of unconsciousness can rely upon the doctrine of apparent agency.

We find that the supreme court's decision in *Gilbert* governs the present case and count II of plaintiffs' fourth amended complaint sufficiently alleged a cause of action against defendant based on apparent or ostensible agency. We reverse the trial court's order granting defendant's motion to dismiss and remand for further proceedings consistent with this decision.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.