No. 2--01--0241

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

__________________________________________________________________

LAURIE R. CHURKEY and ) Appeal from the Circuit Court

ELROY G. CHURKEY, ) of Kane County.

)

Plaintiffs-Appellants, )

) 

v. ) No. 98--L--222

)

G.A. RUSTIA and SHERMAN )

HOSPITAL, ) Honorable

) Pamela K. Jensen,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiffs, Laurie and Elroy Churkey, appeal from an order of the circuit court of Kane County granting summary judgment in favor of defendant Sherman Hospital (hospital) on the ground that plaintiffs failed to establish a genuine issue of material fact as to whether codefendant G.A. Rustia, M.D. (Dr. Rustia), was the hospital's apparent agent.  The trial court concluded that there was no just reason to delay the enforcement of or the appeal from its order.  We agree and determine that we have jurisdiction over this matter pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).   The sole issue before us on review is whether summary judgment in favor of the hospital was proper.

Laurie underwent nasal surgery at the hospital on October 10, 1996.  Dr. Rustia was the anesthesiologist who attended to her during the surgery.  Plaintiffs' complaint alleges that Dr. Rustia gave Laurie the wrong kind of anesthesia, which caused her to go into cardiac arrest during the surgery and led to permanent brain damage.  The sole basis of plaintiffs' action against the hospital is that Dr. Rustia was the hospital's apparent agent.  Laurie sought damages for the injuries she incurred as a result of Dr. Rustia's alleged medical negligence and Elroy sought damages for loss of consortium.

Laurie admitted that prior to her surgery she signed a consent form that stated in relevant part:

"To provide for specialized services such as Diagnostic Imaging and Anesthesia, Sherman Hospital has entered into agreements with independent groups of physicians.  The independent groups that contract to provide services to the hospital are:

ELGIN RADIOLOGY ASSOCIATES, S.C.

ELGIN ASSOCIATES IN ANESTHESIA, S.C.

ASSOCIATES IN NEONATOLOGY, S.C.

I understand that Sherman Hospital uses independently contracted physicians and physician's [
sic
] groups to perform specific services such as Anesthesia and Radiological services for the hospital and its patients.  The physicians are not employees of Sherman Hospital but have been granted privileges to practice at the institution, and if that is the case, I can expect to receive a separate bill from these physicians or physician groups."

 The final paragraph of the consent stated that the patient read and understood the document, was given an opportunity to ask questions, and that all questions were answered to the patient's satisfaction.

Dr. Rustia was a member of Elgin Associates in Anesthesia, S.C., one of the groups identified in the consent form as an independently contracted physician group.

In her deposition, Laurie testified as follows regarding her memory of the events leading up to her surgery:

"Q.  Do you remember any of the events of the day of the surgery before the surgery at the hospital?

A.  I can kind of remember having somebody do my blood pressure or something, sitting at a desk with somebody else.  And that's all I remember from Sherman Hospital.  

Q.  So as far as you know the routine, I mean you're in the business, the routine forms that you signed or discussions that you had with nurses or physicians--

A.  I don't remember anything.  I can kind of picture sitting at a desk with another lady, but that's it.

* * *

Q.  So you have-in a nutshell, you have no memory of any of the events at Sherman Hospital after that time of your blood pressure or whatever being taken with that other lady when you were checking in, from that point on, no memory of anything at Sherman?

A.  Nothing at Sherman at all."

The hospital moved for summary judgment, arguing that plaintiffs could not show that Dr. Rustia was acting as the hospital's apparent agent.  In response, Laurie executed an affidavit in which she stated the following:

"2. Before surgery I believed the anesthesiologist who did my surgery was an employee of the hospital.

3.  I met with a nurse before surgery to prepare.

4.  As I was prepared for surgery, I do not recall being told prior to surgery the anesthesiologist was Dr. Rustia.

5.  As I was prepared for surgery, I do not recall being told prior to surgery that the anesthesiologist was not an employee of Sherman Hospital.

6.  As I was prepared for surgery, I do not recall being told prior to surgery that the anesthesiologist was not an agent of Sherman Hospital.

7. I do not recall speaking to anesthesiologist Dr. Rustia regarding the consent form I signed.

8. I recall being told by the nurse that forms were required to be signed in order for my surgery to go ahead.

9. I do not recall reading the forms prior to signing them as I relied on the nurse that they were needed in order for me to be allowed to go through surgery.

10. I do not know if I learned before surgery that Dr. Rustia was not an employee of Sherman Hospital whether that would have changed my decision to have surgery there.

11. I still believe the anesthesiologist who did my surgery was an employee of the hospital, as I have never received any information to change my belief."

The trial court ruled that (1) plaintiffs made an insufficient showing of a "holding out" by the hospital and (2) Laurie knew or should have known that there was no agency relationship between the hospital and Dr. Rustia.  Plaintiffs filed a timely notice of appeal from the trial court's order.

Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  725 ILCS 5/2–1005 (West 2000).  When determining whether a genuine issue of material fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the nonmoving party.  
Gilbert v. Sycamore Municipal Hospital
, 156 Ill. 2d 511, 518 (1993).  A triable issue exists when the material facts are disputed or, when the material facts are not in dispute, reasonable persons might draw different inferences from the undisputed facts.  
Gilbert
, 156 Ill. 2d at 518.  Because summary judgment is a drastic means of disposing of litigation, courts should grant summary judgment only when the moving party's right is clear and free from doubt.  
Gilbert
, 156 Ill. 2d at 518.  Generally, the question of whether an agency relationship exists is a question of fact.  
Stewart v. Jones
, 318 Ill. App. 3d 552, 561 (2001). However, a court may decide this issue as a matter of law if only one conclusion may be drawn from the undisputed facts.  
James v. Ingalls Memorial Hospital
, 299 Ill. App. 3d 627, 632 (1998)

In 
Gilbert
 our supreme court set out three elements that a plaintiff must show to establish a hospital's liability under an apparent agency theory:

" '(1) the hospital, or its agent, acted in a manner that would lead a reasonable person to conclude that the individual who was alleged to be negligent was an employee or agent of the hospital; (2) where the acts of the agent create the appearance of authority, the plaintiff must also prove that the hospital had knowledge of and acquiesced in them; and (3) the plaintiff acted in reliance upon the conduct of the hospital or its agent, consistent with ordinary care and prudence.' "  
Gilbert
, 156 Ill. 2d at 525, quoting 
Pamperin v. Trinity Memorial Hospital
, 144 Wis. 2d 188, 207-08, 423 N.W.2d 848, 855-56 (1988).

If a patient knew or should have known that the defendant physician was an independent contractor, then the hospital is not liable.  
Gilbert
, 156 Ill. 2d at 522.

Plaintiffs urge us to rely upon 
Scardina v. Alexian Brothers Medical Center
, 308 Ill. App. 3d 359 (1999), and reverse the trial court's summary judgment order.  In 
Scardina
, the plaintiff alleged that his treating radiologist, Dr. Nam, was an apparent agent of Alexian Brothers Hospital (Alexian Brothers).  Alexian Brothers moved for summary judgment, arguing that the plaintiff could not prove the third element of apparent agency.  
Scardina
, 308 Ill. App. 3d at 364.   Alexian Brothers contended that it could not be held liable under an apparent agency theory when the plaintiff went to its facility for treatment on the advice of his personal physician and not because of any representations made by Alexian Brothers.  
Scardina
, 308 Ill. App. 3d at 365.  The court disagreed with Alexian Brothers, holding that the third element of the apparent agency analysis required the plaintiff to show that he relied on Alexian Brothers' "holding out" of Dr. Nam as its agent or employee when he accepted treatment from Dr. Nam.  
Scardina
, 308 Ill. App. 3d at 364.

Plaintiffs' reliance upon 
Scardina
 is misplaced because 
Scardina
 addresses only the third element of the apparent agency test.  Alexian Brothers never contested Scardina's ability to prove the first two elements.  The issue before us, on the other hand, is whether plaintiffs have raised a genuine issue of material fact as to the first element--whether the hospital "held out" Dr. Rustia as its agent.  If we determine that plaintiffs cannot, as a matter of law, make a sufficient showing as to this element, then our analysis ends. Consequently, 
Scardina
 is not relevant to our analysis of plaintiffs' ability to prove the first element of apparent agency. 

More similar, and thus more instructive, is 
James v. Ingalls Memorial Hospital
, 299 Ill. App. 3d 627 (1998), upon which the hospital relies. In 
James
, the mother of the minor plaintiff went to the emergency room at Ingalls Memorial Hospital (Ingalls) because of problems associated with her pregnancy.  She was admitted to Ingalls under the care of the defendant, Dr. Kim, an obstetrician and gynecologist with staff privileges at Ingalls.  Shortly after her admission, she
 signed a consent form that stated that the physicians on staff at Ingalls were not employees or agents of the hospital but independent medical practitioners with privileges to use Ingalls' facilities to treat their patients.  The consent form further stated that the signatory party had an opportunity to discuss the form and understood it.  
James
, 299 Ill. App. 3d at 629.  

The court in 
James
 considered the effect of the consent form on the plaintiff's mother's knowledge regarding whether Dr. Kim was an independent contractor.  While the court did not hold that an independent contractor disclaimer in a consent form is always dispositive on the issue of "holding out," it stated that such a disclaimer is an important factor to consider.  
James
, 299 Ill. App. 3d at 633.  The court went on to note that "[c]ertainly having the patient sign a consent for treatment form which expressly states that 'the physicians on staff at this hospital are not employees or agents of the hospital' may make the proving of this element extremely difficult."  
James
, 299 Ill. App. 3d at 633.  Because Dr. Kim's independent contractor status was clearly set out in the consent form and because the minor plaintiff's mother signed the form, the court held that she knew or should have known that Dr. Kim was an independent contractor.  
James
, 299 Ill. App. 3d at 633.

We are presented with a factual situation very similar to that of 
James
.  Here, Laurie signed a consent form that indicated that the hospital contracted with independent groups of physicians to provide certain services, including anesthesia.  The form specified Dr. Rustia's practice group by name and further stated that the independent physicians or physician groups were not hospital employees.  Laurie does not dispute that she signed this form, but argues that her affidavit creates a genuine issue of material fact as to whether she knew or should have known of Dr. Rustia's independent contractor status.  We disagree.

Laurie averred in her affidavit that she believed prior to her surgery that "the anesthesiologist who did her surgery" was an employee of the hospital.  However, plaintiffs present no specific facts to support this assertion.  Even though a plaintiff is not required to prove her case at the summary judgment stage, she must present a factual basis that would arguably entitle her to judgment in her favor.  
Hindo v. University of Health Sciences/Chicago Medical School
, 237 Ill. App. 3d 453, 459 (1992).  Viewing the pleadings, depositions, admissions, and affidavits liberally in plaintiffs' favor, we can conclude only that plaintiffs have not presented any factual basis for their claim that the hospital acted in such a manner as to lead a reasonable person to believe that Dr. Rustia was the hospital's agent.  On the contrary, the lack of any facts showing that the hospital "held out" Dr. Rustia as its agent, coupled with the signed consent form clearly indicating that anesthesiologists were not hospital employees, leads us to conclude, as a matter of law, that Laurie knew or should have known that Dr. Rustia was not the hospital's agent.

Like the court in 
James
, we emphasize that our holding should not be construed to mean that a signed consent form with a disclaimer like the one at issue here will always be dispositive as to the first element of apparent agency.  We agree with 
James
 that the existence of a signed consent form that disclaims any employment or agency relationship between the hospital and the defendant physician is an important factor to consider.  There certainly could be situations in which a patient signs a consent form containing such a disclaimer but additional facts exist that would create a triable issue of fact as to whether the hospital held the defendant physician out as its agent.  This, however, is not such a case. 

Accordingly, for the reasons stated, we affirm the judgment of the circuit court of Kane County.

Affirmed.

McLAREN and BYRNE, JJ., concur.