THOMAS ROBERS, Plaintiff-Appellant, v. CONDELL MEDICAL CENTER, Defendant-Appellee (Donald I. Burdick, Defendant).

Second District   No. 2—02—1263

Opinion filed December 18, 2003.

Robert J. Long, of Daniels, Long & Pinsel, of Waukegan, for appellant.

Stephen R. Swofford, Michael J. Freeman, Christine L. Olson, and Timothy G. Shelton, all of Hinshaw & Culbertson, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Thomas Robers, appeals the trial court's granting of summary judgment in favor of defendant Condell Medical Center (Condell Hospital or Condell). We affirm.

The following facts are taken from the record. Condell is a hospital located in Libertyville, Illinois. Plaintiff filed a complaint against podiatrist Donald Burdick, M.D., alleging that, through Burdick's negligent treatment of his toe, plaintiff suffered injuries. Plaintiff later amended his complaint naming Condell as an additional defendant. Plaintiff alleged that Condell was liable under the theory of apparent authority. A default judgment was entered against Dr. Burdick in the amount of $350,000.

The documents on record establish that plaintiff saw Dr. Burdick at Burdick's office located in the Condell Medical Building in Round Lake, Illinois. The Condell Medical Building is owned by Medical Center Property. Both Condell Hospital and Medical Center Property are wholly owned subsidiaries of the Condell Health Network, sharing the same board of directors. The Condell Medical Building houses both professional offices and an acute care center, each with a separate entrance. Dr. Burdick sublet the office space from a doctor who was on staff at Condell Hospital. The president of Condell Hospital stated in an affidavit that Condell Hospital did not know of Dr. Burdick's presence in the Condell Medical Building when plaintiff visited Dr. Burdick. When plaintiff saw Dr. Burdick, plaintiff entered through the professional offices entrance and did not go into the acute care center. Dr. Burdick was not a staff physician or employee at Condell Hospital, and Condell Hospital did not know Dr. Burdick.

Plaintiff stated in a discovery deposition that he chose Dr. Burdick after seeing a flyer advertising Condell Acute Care Centers. The flyer listed the four locations of the acute care centers and the location of Condell Hospital, but the flyer made no reference to the Condell Medical Building in Round Lake Beach or the doctors' offices located in that building. The flyer did state that X rays taken at Condell Acute Care Centers would be read by radiologists at Condell Hospital. Plaintiff also stated that he chose Dr. Burdick after seeing a yellow pages listing for Dr. Burdick that stated that his office was in the Condell Medical Building and because Dr. Burdick's office was located near plaintiff's chiropractor.

Condell Hospital filed a motion to dismiss, which was denied. Condell Hospital then filed a motion for summary judgment. The trial court granted the motion, stating that no issue of fact existed as to whether Condell held out Dr. Burdick as its agent or whether Condell had knowledge of any act by Dr. Burdick that created an appearance

of authority. On appeal, plaintiff argues that the trial court erred by granting defendant's motion for summary judgment.

■ The purpose of summary judgment is not to try a question of fact, but to determine whether one exists. Summary judgment is proper where pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2000); *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 421 (2002). In an appeal from the grant of summary judgment, review is *de novo. Happel v. Wal-Mart Stores, Inc.*, 199 Ill. 2d 179, 185 (2002).

■ For a hospital to be liable under the doctrine of apparent authority, a plaintiff must show that: (1) the hospital, or its agent, acted in a manner that would lead a reasonable person to conclude that the allegedly negligent individual was an employee or agent of the hospital; (2) where acts of the agent created the appearance of authority, the plaintiff must also prove that the hospital had knowledge of and acquiesced in the acts; and (3) the plaintiff acted in reliance upon the conduct of the hospital or its agent, consistent with ordinary care and prudence. *McCorry v. Evangelical Hospitals Corp.*, 331 Ill. App. 3d 668, 671-72 (2002). Failure to establish any one of these elements will support summary judgment in favor of the hospital. See *Churkey v. Rustia*, 329 Ill. App. 3d 239, 245 (2002).

■ Construing the evidence strictly against Condell and liberally in favor of plaintiff, we conclude that a genuine issue of material fact does not exist as to whether Dr. Burdick was an apparent agent of Condell. Plaintiff failed to present facts that would support the first element, that Condell acted in a manner that would lead a reasonable person to conclude that Dr. Burdick was an employee or agent of Condell. See *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 525 (1993). The following facts are uncontroverted. The flyer that plaintiff states he relied on did not mention Dr. Burdick, the Condell Medical Building, or the professional offices where Dr. Burdick had his office. Rather, the flyer referenced only Condell Hospital and Condell Acute Care Centers. The yellow pages advertisement listed Dr. Burdick and stated that his office was in the Condell Medical Building. Further, the Condell Medical Building had two entrances, one for the acute care center and one for the professional building where Dr. Burdick's office was located. Plaintiff entered through the professional offices doorway and not the doorway for the acute care center. Plaintiff did not see Dr. Burdick at Condell Hospital and Dr. Burdick was not on staff there. Dr. Burdick's office was located miles away from Condell Hospital. In

light of these facts, there is no genuine issue of material fact regarding the first element of apparent authority. Reasonable minds could not differ regarding whether Condell Hospital held Dr. Burdick out as its employee or agent. Thus, the trial court properly ruled that Condell is entitled to judgment as a matter of law.

Plaintiff argues that the question of whether Dr. Burdick was Condell Hospital's apparent agent remains a question of fact because Dr. Burdick's office was located in a building with the name "Condell" on it. However, this is not enough to create a genuine issue of material fact where only one conclusion may be drawn after considering all of the undisputed facts. The professional office part of the Condell Medical Building was held out as a separate entity from the acute care center. We do not believe that a reasonable person would have believed that Dr. Burdick was an employee or agent of Condell Hospital simply because he leased space in a building that bore the name "Condell."

Plaintiff cites *McCorry*, 331 Ill. App. 3d at 668, to support his argument. *McCorry* is factually distinguishable from the case at bar. The plaintiff in *McCorry* was treated by the allegedly negligent doctor at the defendant hospital and the advertisements for the hospital stated that it had highly qualified physicians. *McCorry*, 331 Ill. App. 3d at 671. In this case, plaintiff was not treated at Condell Hospital, but at an office building, and the advertisements did not mention the office building where Dr. Burdick leased office space. Thus, *McCorry* is not controlling.

Because we have determined that plaintiff failed to establish the first element of apparent agency, we need not address plaintiff's argument regarding the remaining two elements. The judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and GILLERAN JOHNSON, JJ., concur.